UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL TATE, SR., | 1:02-cv-5707-AWI-SMS-P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 58) |
| vs. | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** (Doc. 53) |
| J. W. HUSKEY et al., | |
| Defendants. | **ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT** |

Plaintiff, Lionel Tate Sr. ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On August 2, 2005, the Magistrate Judge filed Findings and Recommendations that recommended Defendants' motion for summary judgment be granted. The Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days.

On August 26, 2005, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including the objections, the court finds the Findings and Recommendations to be supported by

1  the record and by proper analysis.   Plaintiff's objections do not convince the court that the
2  Magistrate Judge was incorrect in recommending the court grant Defendants' motion for
3  summary judgment.
4       The Magistrate Judge recommended that the court grant summary judgment on Plaintiff's
5  retaliation claim.  In his objections, Plaintiff's basic argument is that Defendants did not have to
6  place him in administrative segregation when he filed a complaint about staff misconduct.
7  Plaintiff argues the prison regulation relied on by Defendants only applied to a complaint about
8  misconduct by other inmates and did not apply to a complaint about staff misconduct.   Plaintiff
9  argues that there were other alternative available to Defendants to protect the integrity of the
10 investigation, such as placing him on another yard, and inmates are not always placed in
11 administrative segregation when they file a complaint about staff misconduct.
12      To make out a prima facie claim of retaliation, Plaintiff has the burden of showing that
13 retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor
14 behind the conduct of Defendants.   Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429
15 U.S. 274, 287 (1977).   To establish a retaliation claim, a prisoner must show that he was
16 "retaliated against for exercising his constitutional rights and that the retaliatory action does not
17 advance legitimate penological goals, such as preserving order and discipline."  Barnett v.
18 Centoni, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam).  When analyzing prison officials'
19 proffered reasons for the allegedly retaliatory conduct, the court should afford appropriate
20 deference and flexibility to prison officials.   Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995).
21      Plaintiff claims that Defendants placed him in administrative segregation because he filed
22 a grievance against Lt. Aviles.  In their motion, Defendants convincingly point to a legitimate
23 penological goal in placing Plaintiff in administrative segregation – to protect the integrity of
24 their investigation into Plaintiff's allegation of staff misconduct.   Further, it is clear that the
25 administrative segregation lasted only as long as it took to sort out Plaintiff's allegations.   The
26 burden is thus on Plaintiff to demonstrate "that there were no legitimate correctional purposes
27 motivating the actions he complains of."  Pratt, 65 F.3d at 808.   Plaintiff's allegations that there
28 were other ways to protect the integrity of the investigation, such as placing him on another yard,

1 may provide circumstantial evidence to support Defendants' intent to retaliate.   However, this
2 argument does not establish that there was **no** legitimate penological goal advanced by the
3 Defendants' actions.   By pointing out a specific failure to create a disputed issue of material
4 fact, Defendants have shifted the burden to Plaintiff to provide evidence creating such a dispute.
5 Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).   Plaintiff has failed to bear his burden of
6 showing that there was no legitimate penological goal advanced by Defendants actions.   Thus,
7 summary judgment is appropriate.
8        Plaintiff also objects to the Magistrate Judge's findings regarding his deprivation of
9 property claim.   Plaintiff argues that his property was originally taken as part of an authorized
10 taking of Plaintiff's property when he was housed in administrative segregation.   An authorized,
11 intentional deprivation of property is actionable under the Due Process Clause.  Hudson v.
12 Palmer, 468 U.S. 517, 532, n.13 (1984).   However, as explained by the Magistrate Judge,
13 Plaintiff's complaint concerns items missing from his property when it was returned to him after
14 his time in administrative segregation.   Plaintiff concedes that he has no evidence the named
15 Defendants took the missing items.   In his objections, Plaintiff contends that his property
16 deprivation is part of his retaliation claim.   Plaintiff argues that officers took his property while
17 he was in administrative segregation in retaliation for filing a grievance.   Again, Plaintiff's
18 failure to link the named Defendants with the missing items is fatal to Plaintiff's claim.   Thus,
19 summary judgment is appropriate on Plaintiff's deprivation of property claim.
20        Accordingly, IT IS HEREBY ORDERED that:
21        1.     The Findings and Recommendations, filed August 2, 2005, are ADOPTED;
22        2.     Defendants' motion for summary judgment, filed December 30, 2004, is
23 GRANTED;
24        3.     The Clerk of Court is DIRECTED to enter Judgment in accordance with this
25 Order; and
26        4.     This Order terminates the action in its entirety.
27 IT IS SO ORDERED.
28 **Dated:    September 7, 2005                    /s/ Anthony W. Ishii**

0m8i78                             UNITED STATES DISTRICT JUDGE